**RAILROAD COMMISSION OF TEXAS, et al., Petitioners,**

v.

**UNITED PARCEL SERVICE, INC., Respondent.**

No. C–405.

Supreme Court of Texas.

Dec. 31, 1981.

Mark White, Atty. Gen., Phyllis B. Schunck, Asst. Atty. Gen., Doherty & Munson, James M. Doherty, McGinnis, Lochridge & Kilgore, B. D. St. Clair, Timothy J. Herman, Phillip Robinson, Austin, for petitioners.

Fulbright & Jaworski, Jay W. Elston, Houston, for respondent.

ON MOTION FOR REHEARING

PER CURIAM.

United Parcel Service, Inc. (UPS) applied to the Railroad Commission of Texas for a certificate of convenience and necessity to operate a statewide, small package pickup and delivery service. The Commission dismissed the application for want of jurisdiction. UPS appealed to the district court of Travis County, and after a nonjury trial, the court concluded that the Commission did have jurisdiction. The trial court set aside the Commission's order of dismissal and remanded the matter to the Commission for consideration of the application on its merits. The Commission and twenty-four interested motor carriers appealed. The court of civil appeals affirmed the judgment of the trial court. 614 S.W.2d 903. We have previously refused Petitioners' applications for writ of error, no reversible error.

The central issue in this case is whether the Commission has statutory power under art. 911b, sec. 10, Tex.Rev.Civ.Stat.Ann., to consider and determine the application of UPS to operate a small package pickup and delivery service over the length of every public road and highway in Texas. UPS's application was for motor carrier service, statewide in scope, over regular routes with regular schedules between "operating centers" and "hubs" but with irregular routes and schedules for the purpose of picking up and delivering packages between the operating centers and the business places of the shippers and consignees.

The court of civil appeals has correctly held that the Commission has power and authority to hear and consider applications for common motor carrier certificates which request that such common carriers be allowed to operate over irregular routes and on irregular schedules. However, we are not to be understood as approving the language of the court of civil appeals to the

effect that a common motor carrier may operate over irregular routes and on irregular schedules. That question is reserved for future determination when it is presented for our review.

Petitioners' motions for rehearing are overruled. No further motions for rehearing will be entertained.